## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV1507-WRW |
| | : | 4:09CV00021-WRW |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| **SHELVA DUDEK,** *et al.* | : | PLAINTIFFS |
| | : | |
| v. | : | |
| | : | |
| **WYETH, INC.,** *et al.* | : | DEFENDANTS |

### ORDER

After reviewing this case, I believe that the Complaint violates my numerous orders on multi-plaintiff complaints as well as the Federal Rules of Civil Procedure.

Under Rule 21 of the Federal Rules of Civil Procedure, <u>every</u> plaintiff other than the first named plaintiff,[1] is DROPPED from this civil action as follows:

(1) Dropped plaintiffs have 30 days from the date of this Order to file new, individual[2] complaints in a proper venue. The complaints should be served in accordance with the Rules of Civil Procedure.

(2) It seems to me that it would be meet and proper if counsel for the respective parties would meet and confer[3] regarding the court in which these cases might be refiled. This observation is, of course, hortatory vice mandatory.

(3) Without further order of the Court, claims of dropped plaintiffs who do not file new civil actions within the 30 day period will be considered dismissed without prejudice.

---

[1] Shelva Dudek will remain in the original lawsuit, but the complaint must be amended in accordance with this Order.

[2] An exception to this Order is that a plaintiff and her spouse and children (or any other associated derivative claimant) need not be severed from each other.

[3] By telephone if not in the flesh.

1

(4) Dropped plaintiffs are deemed to have ongoing MDL No. 1507 actions in this Court for all purposes during the time period between the date of this Order and the filing of their new complaint in the appropriate venue, or after the passage of the 30 day period -- whichever is first.

(5) For the application of statutes of limitations, laches, or other time-bar laws, the filing date of a newly filed action pursuant to this Order will be deemed to relate back to the date that the dropped plaintiff originally filed her complaint -- insofar as the new complaint alleges only the claims alleged in the original complaint and joins only the defendants named (or fewer) in the original complaint, or the successors of such original defendants.

(6) The current Complaint is an excellent example of the generic, omnidirectional complaints of which I have repeatedly expressed disfavor.  The complaint lacks *any* specificity regarding Plaintiffs' use of hormone therapy and  fails to directly link any Plaintiff with any of the defendants, other than broad boilerplate language.  As an example, the complaint states that "Plaintiffs each consumed hormone therapy medication and suffered personal injuries as a result."[4]  Simply claiming that you took hormone therapy and suing every hormone therapy manufacturer (here Plaintiffs name Wyeth and John Does 1-10) is not enough.

Within 40 days of the date of this Order, the remaining plaintiff must cure her Complaint. The Amended Complaint <u>must</u> contain allegations specifying which drugs plaintiff took and, specifically, against which of the defendants she is alleging a cause of action.  Furthermore, since it is likely that the dropped plaintiffs will be returning to MDL-1507, it seems to me that, in the interest of judicial economy, it would benefit everyone involved if Plaintiffs' lawyers went ahead and complied with these suggestions before filing new complaints for the dropped plaintiffs.

---

[4]Doc. No. 1.

(7) Counsel is reminded of their obligations under MDL Panel Rule 7.5(e) and directed to promptly notify the MDL Panel of the new case number designated to the case in the receiving district.

The Clerk of the Court is directed to send a contemporaneous copy of this order to the MDL panel to allow, to the extent possible, fast-tracking of § 1407 transfers of these cases back to MDL-1507 for coordinated and consolidated pretrial proceedings.

IT IS SO ORDERED this 14th day of January, 2009.

        /s/ Wm. R.Wilson, Jr.
        UNITED STATES DISTRICT JUDGE